## MARÍA PLA Y HERNANDEZ

### v.

## SAN JUAN LIGHT & TRANSIT COMPANY.

San Juan, Law, No. 473.

ACTION FOR PERSONAL INJURIES.

1. If the person injured by a street car was herself guilty of contributory negligence, she cannot recover, although defendant was also guilty of negligence.

Pla y Hernandez v. San Juan L. & T. Co.

2. If plaintiff was injured by the joint fault of the defendant and of the driver of the public automobile in which she was riding, she can recover against either separately.

3. The negligence of a driver of a public conveyance cannot be imputed to a passenger having no control over said conveyance beyond telling the driver thereof where to take her. ·

4. Such a passenger may be guilty of contributory negligence if she affirmatively does an act which is negligent, or if she sees the danger, and does not advise the driver of it.

5. Plaintiff may sue for and recover for reasonable compensation for loss of time and earnings, pain, physical and mental suffering, past, present, · and future.

6. All persons about to cross a railway at a crossing must exercise all proper precaution, and failure in that particular will defeat a recovery.

7. The negligence of the father of a minor riding with her may be imputed to the minor.

8. The motorman could presume that the automobile would stop before crossing, and the latter could presume that the car was being operated under proper conditions.

Case tried April 28, 1908.

----

*Mr. Francis H. Dexter,* attorney for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant corporation.

Instructions by RODEY, Judge:

The complaint in this cause of action was sustained on demurrer in an opinion published in this same volume. It was an action by a young lady for personal injuries received by reason of a trolley car of the defendant colliding with an automobile in which she was riding. At the place in question the trolley line is on a steep down grade, and crosses the main street at almost a right angle.

The automobile was coming up a slight incline. The evidence was very conflicting as to whether or not the trolley car was in proper repair and under proper control as it descended the incline and crossed the street, and as to whether or not the chauffeur of the automobile exercised proper care because of the presence of some ox carts near the crossing that somewhat obstructed the view.

Additional facts and particulars may be gathered from the instructions.

Rodey, Judge, omitting the formal parts, gave the following instructions to the jury:

This, as you have seen, is a plain action for damages for personal injuries, brought by Maria Pla, the plaintiff. She sues by her father as her next friend because she is a minor, not yet being twenty-one years of age. She lays the damages in her complaint at the sum of $25,000, but this is only a limit beyond which, should you find for the plaintiff, you could not go; and in such cases damages may be fixed in the jury's verdict at any sum they may consider reasonable, from $1 up. It might be well to pause here long enough to state that the duty of the jury in this sort of a case, or, in fact, in any important case, is the highest duty any citizen has to perform. It requires good sense and moral courage to properly discharge one's duty as a member of a jury. Jurors have to be courageous and independent and strong enough of character to be able to decide upon the facts and apply the law without fear or favor of or to either side of a controversy. No one has any right to ever question any of you for any verdict you may render in this cause. It would be a contempt of court for anyone to take you to task

Pla y Hernandez v. San Juan L. & T. Co.

for your verdict after you have rendered it, just as much as it would be for such person to attempt to take the court to task for any of its decisions. You alone are under oath to decide this cause. Therefore you must realize that you alone are responsible for the verdict, and that your acquaintance with, or friendship for, or antipathy to, either side, if you have any, must not weigh one iota in swaying you in your decision. The parties are entitled to exactly equal rights before you; a corporation has just the same right in the court as an individual; and, when you find the facts, it is your duty to apply those facts to the law as here given you, as you recollect the evidence yourselves, and not as counsel may state it, if you think they do not recollect it correctly. All good citizens sympathize with every person who suffers injury, but no juror is, for that reason alone, authorized to render a verdict in favor of such person.

The very first thing you will have to determine in this case is whether or not the street car company was guilty of any negligence at all, or any negligence that was the proximate cause of this injury. If you shall find, from a preponderance of the evidence, that it was not guilty of any such negligence, then, of course, you must find for the defendant, and that ends the case, even though you shall further believe that the negligence of the driver of the automobile was in fact the proximate cause of the injury, and even though the plaintiff might be entitled to an action against the owner of the automobile for her injuries. When the court speaks of the street car company and of the automobile company, it means, of course, that such concerns are responsible for the acts of their agents, because he that does a thing by another does it by himself, in law.

If this young lady was injured by negligence of the street

car company, which was the proximate cause of the injury, or by its negligence coupled with the negligence of the driver of the automobile, and she or her father or mother is not guilty of any affirmative negligence that contributed to her injury, then she is entitled to recover in this suit against the said street car company even though she makes no claim against the owner of the automobile here; because, when two people are equally guilty of committing a wrong, both or either may be sued therefor, and it does not relieve one because the other is not sued.

In this connection, the law is that when a person hires a public conveyance to carry him to his destination, and gives only directions of where to stop and where to go, and has no other control over the mode of conveyance or over the driver in charge, then, even though that driver or owner is guilty of negligence that contributes to the injury of the passenger, such fact does not defeat the passenger's right to recover against any other person causing, or taking part in causing, the injury to him or her. The law is also that, whenever any person is guilty of negligence that results in injury to another, such person is not liable for the injury if the person injured is also guilty of negligence that contributed to the injury, and was in fact the proximate cause of it; and therefore, if this were a suit by the automobile company against the street car company, you would be instructed that the one suing could not recover if it was guilty of contributory negligence which was in fact the proximate cause of the injury. Therefore, if you believe, from a preponderance of the evidence in this cause, that the street car company was guilty of no negligence at all, you cannot find damages against it in this case; but, if you should believe, from a preponderance of the evidence, that the street car company

alone or both the street car company and the automobile com-
pany were guilty of negligence that caused this damage to the
plaintiff, and that she or her father or mother, as stated, had
no control over the driver of the automobile, as here defined,
and did nothing affirmative to contribute to that accident, such
as urging the driver to pass, or actually themselves seeing the
danger and knowing that the driver did not see or know of it,
and negligently failing to call his attention to it, then you should
find for the plaintiff here, and assess her damages at such rea-
sonable sum as you, as reasonable men, may deem to be proper;
and the measure of her damages is: A sum of money that will
reasonably compensate the plaintiff for her loss of time and loss
of earnings, her pain and suffering physically and mentally in
the past and such as may come to her in the future, resulting
from the injury, and for any impairment of ability to earn a
living in the future, resulting from the shock and accident, con-
sidering the young lady's earning capacity, age, and chances of
and in life.

You are instructed that it is the duty of every person to ex-
ercise caution and to look and listen on approaching a railway
crossing so as to avoid an accident; and their failure to do so,
if it was the proximate cause of the injury, defeats their right
to recover. It is equally the duty of the street railway company
to exercise care at street crossings, or any other place where its
cars cross the streets or roads, to avoid an accident, and it is
the duty of a street car company to maintain control, by proper
and competent employees and by proper appliances, of its street
cars at all places, and especially where it is reasonable to be
supposed there might be danger of colliding with vehicles or
foot passengers.

You are therefore instructed that, if you believe, from a preponderance of the evidence, that defendant's street car did not have upon it proper or competent employees, brakes, bells, or other appliances to keep it under control, and warn others of approaching danger, considering the place and the grade of the track, and that, after its motorman saw the imminence of the danger, because of the lack of and failure to use such appliances, he was unable to stop and prevent the accident, then, if you further believe, from a preponderance of the evidence, that such was the proximate cause of the collision and injury, the defendant would be, in this case, clearly liable, and you should find for the plaintiff under these instructions.

Now, in this case, on the one hand, the street car company had a right to presume, even if its motorman saw the automobile, that the automobile would stop or slow down, and not try to pass in front of it unless it had ample time to do so; and, on the other hand, the automobile driver had a right to presume that the car was under proper control and would not come down the grade towards the crossing except under proper control, and at the usual moderate speed. But this instruction is not intended to induce you to attribute the negligence of the automobile driver, if you should believe he was guilty of any, to the plaintiff, unless she or her father or mother, as stated, took some affirmative part in the bringing about of the accident in the way explained to you. In this sort of a case the plaintiff recovers upon the preponderance of the evidence; and the burden is upon the plaintiff to establish the cause of action by such preponderance of the evidence; but the burden is upon the defendant, who alleges contributory negligence in the plaintiff, to establish it. Finally, if you shall believe, from a pre-

Pla y Hernandez v. San Juan L. & T. Co.

ponderance of the evidence, that both the automobile company and the street car company were equally guilty of negligence that caused the injury to the plaintiff, then she is entitled to recover in this suit, unless any part of the negligence of the automobile driver can be imputed or attributed to the plaintiff by reason of any affirmative act upon the plaintiff's part in the manner indicated; and if you should believe, from a preponderance of the evidence, that it was the negligence of the automobile driver alone that was the proximate cause of this accident, then the plaintiff cannot recover here, but is relegated to her suit against the owner of the automobile; and, on the other hand, if the injury was caused by the negligence of the street car company alone, then the plaintiff should recover.

Verdict for $6,000 for plaintiff.